UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 07-131 (JR)** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **JAMES BECTON and** | : | |
| **CHRISTOPHER BECTON** | : | |
|     Defendants. | : | |
| _____ | : | |

GOVERNMENT'S PROPOSED PROPOSED JURY INSTRUCTIONS

    The United States of America, by and through it attorney, the United States Attorney for the District of Columbia, respectfully submits the following Proposed Jury Instructions.

PROPOSED JURY INSTRUCTIONS

(All citations are to the Red Book Criminal Jury Instructions.)

| | |
|---|---|
| 1.02 | Note Taking by Jurors |
| 1.03 | Preliminary Instruction Before Trial |
| 1.05 | Cautionary Instruction Prior to First Recess |
| 1.07 | Questions Not Evidence |
| 1.08 | Expert Testimony |
| 1.10 | Evaluation of Prior Inconsistent Statement of a Witness (if applicable) |
| 1.11 | Evaluation of Prior Consistent Statement of a Witness (if applicable) |
| 1.12 | Impeachment by Proof of Conviction of a Crime - Witness |
| 1.12A | Impeachment by Proof of Pending Case, Probation, or Parole - Witness |

| | |
|---|---|
| 1.13 | Impeachment by Proof of Conviction of a Crime - Defendant (if applicable) |
| 1.14 | Impeachment of Defendant – Statements (if applicable) |
| 1.20 | Questions by Jurors (if Court allows jurors to ask questions) |
| 1.21 | Preliminary Instruction to Jury Where Identity of Alternates is not Disclosed |
| 1.22 | A Juror's Recognition of a Witness or Other Party Connected to the Case |
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in Case - Stipulations (if applicable) |
| 2.05 | Statements of Counsel |
| 2.06 | Indictment Not Evidence |
| 2.07 | Inadmissible and Stricken Evidence |
| 2.08 | Burden of Proof- Presumption of Innocence |
| **** | Reasonable Doubt |

> We request that in place of Instruction 2.09 from the Red Book, this Court give Instruction 21, Definition of Reasonable Doubt, from Pattern Criminal Jury Instructions, which was approved by this circuit in United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:
>
> As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.
>
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced

that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

| | |
|---|---|
| 2.10 | Direct and Circumstantial Evidence |
| 2.11 | Credibility of Witnesses |
| 2.13 | Number of Witnesses |
| 2.14 | Nature of Charges Not to be Considered |
| 2.22A | Witness with a Plea Agreement |
| 2.24 | Informer's Testimony |
| 2.26 | Police Officer's Testimony |
| 2.27 | Failure of Defendant to Testify (if applicable) |
| 2.28 | Defendant as Witness (if applicable) |
| 2.29 | False or Inconsistent Statement by Defendant (if applicable) |
| 2.54 | Multiple Defendants - Multiple Counts |
| 3.10 | Wiretaps and Wire Intercepts (the United States requests this instruction although it was removed from the 2008 release of the Red Book) |

During the course of this trial, you heard certain tape recorded conversations which were obtained through the use of wire interceptions, commonly referred to as "wire taps." The term "intercept" means to obtain the contents of any wire or oral communication by using an intercepting device. The wire interceptions, or wiretaps, in this case were court-ordered, that is, they were approved by a judge, and the government's use of these interceptions was lawful.

| | |
|---|---|
| 2.30 | Transcripts of Tape Recordings |
| *** | Specific Investigative Techniques Not Required |

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize or present evidence of

specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any specific investigative techniques to prove its case. There is no requirement to attempt to take fingerprints, or that it offer fingerprints in evidence.

I am sure that at least one of you has seen the popular TV shows, CSI or Law & Order. The TV standards, and the capabilities of law enforcement as portrayed on TV and in the movies, do not apply here to this trial. Specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find the defendant guilty of the charges in this case. Please dismiss from your deliberations in consideration of the appropriate verdict in this case, any investigative techniques which you may have seen on TV or in the movies, as well as anything else about which there was no evidence.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

(Adapted from 1 Sand, Siffert, Loughlin and Reiss, <u>Modern Federal Jury Instructions</u>, Instruction No. 14.4 (2001)(specific investigation techniques not required - italics added); <u>United States v. Mason</u>, 954 F.2d 219, 222 (4th Cir. 1992)(there is no legal requirement that the government use any of these specific investigative techniques to prove its case - an attempt to take fingerprints or to do any particular scientific test).)

| | |
|---|---|
| 4.93 | Conspiracy: Basic Instruction (as modified to omit the overt act requirement, see *United States v. Shabani*, 513 U.S. 10, 15 (1994)). |
| 4.30 | Distribution of a Controlled Substance |
| 4.29 | Possession of a Controlled Substance with Intent to Distribute |
| 4.28 | Possession of a Controlled Substance |
| 3.08 | Possession - Defined |
| 3.02 | Proof of State of Mind |

3.07 On or About, Proof of

2.71 Selection of Foreperson

2.72 Unanimity of Verdict

2.73 Exhibits During Deliberations

2.74 Possible Punishment Not Relevant

2.75 Communications between Court and Jury During Jury's Deliberations

2.76 Furnishing the Jury with a Copy of the Instructions

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
ARVIND K. LAL
MATTHEW P. COHEN
Assistant United States Attorney
555 Fourth Street, NW, Room 4217
Washington, D.C. 20530
202-353-8833 (Lal)
202-514-7427 (Cohen)
Arvind.Lal@USDOJ.gov
Matthew.Cohen2@USDOJ.gov